KIM MALLORY, ESQ. SBN# 159870
LAW OFFICES OF KIM MALLORY
P.O. BOX 21146
EL SOBRANTE, CALIFORNIA  94820
Telephone (510) 223-3657
Fax (510) 223-3652
Attorney for Plaintiff
TRINIDAD MORALES

**FILED**

JAN 2 4 2006

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINIDAD MORALES ,<br><br>             Plaintiff,<br><br>      vs.<br><br>EDWIN R. SCOTT, and<br><br>WASHETERIA  LAUNDROMAT<br><br>1577 SOUTH  MAIN STREET,<br><br>WILLITS, CA<br><br>and DOES 1-10 Inclusive,<br><br>             Defendants. | Case No.:  C –6 0013 JL<br><br>Civil Rights<br>**AMENDED**<br><br>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DISCRIMINATION AGAINST PERSONS WITH DISABILITIES; AMERICANS WITH DISABILITIES ACT OF 1990; CAL. CIVIL CODE §§ 54, ET SEQ.; CAL. CIVIL CODE §§51, ET SEQ.; CAL. HEALTH AND SAFETY CODE §§19955, ET SEQ.; CAL BUS. & PROF. CODE §17200. ET SEQ.; NEGLIGENCE; DECLARATORY RELIEF; DAMAGES<br><br><br>DEMAND FOR A JURY TRIAL |

## INTRODUCTION

Plaintiff complains of Defendants herein and alleges that:

1      Plaintiff TRINIDAD MORALES  complains of Defendants Edwin R. Scott and

2 WASHETERIA LAUNDROMAT (Hereinafter, collectively referred to as " WASHETERIA

3 LAUNDROMAT "), and does 1-10, Inclusive, and each of them and alleges as follows:

5                           **JURISDICTION**

6      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Sections

7 1343(a) (3) and 1343 (a) (4) for claims arising under the Americans With Disabilities Act of

8 1990, 42 U.S.C. Sections 12101, et. seq.  Plaintiff's cause of action across in this district, Under

9 this doctrine of pendant and supplemental jurisdiction, this Court has jurisdiction over Plaintiff's

10 claims existing under California State law.

1 provide to all disabled persons the accessible facilities to which they are entitled under state and
2 federal law.

3 **FACTUAL ALLEGATIONS**
4

5 3. The Attorney General of the State of California believes that the former $1,000.00
6 damage award is unlikely to have sufficient deterrent effect on the discriminatory practice of a
7 large company. Defendant may have had hundreds or thousands of transactions that violated
8 the Americans with Disabilities Act of 1990 and the California's Unruh Civil Rights Act and
9 which would have unjustly enriched them. Thus, the prospect of paying an occasional four
10 thousand dollars ( $4,000.00) damage award due to a discriminatory practice may be calculated
11 as an absorbable cost of doing business. The minimum amount was increased to at least
12 $4000.00. See California's Unruh Civil Rights Act Section 52(a), Amended January 1st, 2002.
13 This legislation was supported by California Attorney General, Anti-Defamation League and
14 California School Employees Association.
15

16 4. California's Unruh Civil Rights Act, Civil Code Section 52 (a) reads as follows:
17 whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to
18 Section 51, 51.5 or 51.6, is liable for each and every offense for the actual damages, and any
19 amount that may be determined by a jury, or a court sitting without jury, up to a maximum of
20 three times the amount of actual damage but in no case less than four thousand dollars
21 ($4000.00) , and any attorney's fees that may be determined by the court in addition thereto,
22 suffered by and person denied the rights provided in Section 51, 51.5, or 51.6, Amended January
23 1st , 2002.
24

25 5. The United States Court of Appeals for the Ninth Circuit in Botosan vs. Paul McNally
26 Realty, 216 F. 3rd 827 at 835 (June 20, 2002) held that, "Consumer was entitled to award of
27 statutory minimum damages under California's Unruh Civil Rights Act, even without proof of
28

MORALES v. WASHETERIA LAUNDROMAT                3

1    actual damages", and proof of actual damages is not prerequisite to recovery of statutory

2    minimum damages under California's Unruh Civil Rights Act." West's Ann.Cal.Civ.Code  § 52.

3

4    6.      Plaintiff TRINIDAD MORALES is a "physically handicapped" or physically disabled

5    person who was denied his rights to "full and equal access" to a public facility by Defendants,

6    and each of them, because they maintained and continue to operate public facilities which do not

7    provide proper access for physically disabled persons as required by law. These access

8    deficiencies include but are not limited to:  **Signage:** There is no handicapped signage at the

9    entrance of the public facility. **CODE VIOLATION: Section 1127B Exterior Routes of**

10   **Travel 1127B.3 Sign:** At every primary public entrance and at every major junction along or

11   leading to an accessible route of travel, there shall be a sign displaying the international symbol

12   of accessibility. Signs shall indicate the direction to accessible building entrances and facilities

13   and shall comply with the requirements found in **Section 1117 B.5 through 1117B.5.9 of the**

14   **2001 California Building Code Title 24, Part 2, Volume 1.**  This facility also does not provide

15   an accessible entrance **as required by Section 1133B1.1.1.1 of the 2001 California Building**

16   **Code and the Americans With Disabilities Act Accessibility guidelines (ADAAG) Section**

17   **4.1.3. Code Violation: Section 4.1.3ssible buildings: (a) (1) At least 50 percent of all public**

18   **entrances... shall comply with  Section 4.14. At least one must be a ground floor entrance.**

19   **Public entrances are any entrance that are not loading or service entrances.** By this lawsuit,

20   Plaintiff seeks damages for the violation of his Civil Rights, damages for is personal injuries, and

21   Plaintiff also requests that this Court grant injunctive relief, requiring the Defendants to comply

22   with both California and United States laws requiring access to the WASHETERIA

23   LAUNDROMAT and its facilities for physically disabled persons so long as Defendants operate

24   the premises as a public facility.

25

26   7.      Plaintiff and other physically disabled persons are unable to use public facilities such as

27   those owned and operated by Defendants on a "full and equal" basis unless such facility is in

28   compliance with the provisions of  the ADA.  Plaintiff is a member of that portion of the public

1   whose rights are protected by the provisions of ADA . The acts and omissions of the Defendants
2   complained of herein were committed in the City of Willits, State of California.

3

4   8.      Plaintiff TRINIDAD MORALES  is a "person with disabilities," or a physically
5   handicapped person, who requires use of a wheelchair for mobility. Hereinafter, the words
6   "physically disabled" and "physically handicapped" are used interchangeably as these words
7   have similar or identical common usage and legal meaning. However, the legislative scheme in
8   Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the
9   Unruh Civil Rights Act, California Civil Code §§51 and 52, and the Disabled Persons Act, §§54,
10  54.1, 54.3 and 55, and other statutory measures refer to protection of the rights of "physically
11  disabled persons" and of "individuals with a disability ."

12

13  9.      Defendants WASHETERIA LAUNDROMAT and DOES 1-10, Inclusive, are the owners
14  and operators, lessor and/or lessees of the WASHETERIA LAUNDROMAT, a public facility
15  located at **1577 South Main Street,  Willits,** County of Mendocino, State of California. This
16  building is a "public accommodation or facility" subject to the requirements of the Americans
17  With Disabilities Act of 1990 and California Civil Code §§51, 54, 54.1 et seq.   On information
18  and belief, such Defendants are corporations and natural persons whose residences are in state of
19  California. Plaintiff is informed and believes that all such Defendants have had and continue to
20  have some form of control or legal responsibility for the maintenance ownership and/or
21  operation of the WASHETERIA LAUNDROMAT during periods of time relevant to this
22  Complaint.

23  10.     Plaintiff is informed and believes that each of the Defendants herein is the agent,
24  employee, alter ego or representative of each of the other Defendants, and performed all acts and
25  omissions stated herein within the scope of such agency or employment or representative or alter
26  ego capacity, and is responsible in some manner for the acts and omissions of the other
27  Defendants in proximately causing the damage complained of herein. Further, all acts and
28

1  omissions of each such Defendant were done as part of a joint venture and common enterprise
2  among all Defendants, for which they are all jointly and severally liable.

3

4  11.    Plaintiff TRINIDAD MORALES  was and is all times relative to this Complaint, a
5  physically disabled person as defined for purposes of protections of the §§54ff, Civil Code, the
6  Disabled Rights Acts, and the protections of Part 5.5 of the Health & Safety Code: "Access to
7  Physically Handicapped Persons."  Plaintiff TRINIDAD MORALES , is physically disabled and
8  often requires the use of a wheelchair; he cannot climb stairs, climb curbs, or enter narrow
9  doorways in his wheelchair because of his disability (Crest), and needs use of the other
10 protections required by law for the protection of disabled persons. However he can do some
11 limited walking with the uses of a cart or walker for short distances.

12

13 12.    Public Accommodations which offer services to the public  such as WASHETERIA
14 LAUNDROMAT facilities, are public accommodations and facilities within the meaning of
15 Americans with Disabilities Act of 1990.

16

17 13.    Within the past year, Plaintiff TRINIDAD MORALES  came to the WASHETERIA
18 LAUNDROMAT in his wheelchair on more than one occasion, for business purposes, with the
19 intention of washing his clothes and did wash his clothes. Plaintiff found the WASHETERIA
20 LAUNDROMAT provides inadequate access to people with disabilities, especially an accessible
21 public entrance, and  or doorway and an accessible route of travel.. These barriers  such as a
22 raised threshold and racked pavement at the doorway entrance make it impossible for persons
23 with mobility disabilities, such as Plaintiff, to access the SUBJECT FACILITY without
24 assistance and create a hazardous condition.

25

26 14.    Despite Plaintiff making repeated Complaints  before and afterward his injury to
27 managers and assistant managers at the WASHETERIA LAUNDROMAT with regard to access
28 problems, Defendants took no action to rectify the inaccessible conditions. Defendants have

1  known that WASHETERIA LAUNDROMAT facility, violated disability accesses requirements

2  and standards and refuses to rectify the violations. It is clear that failure to act constitutes

3  violations of the ADA.

4

5  **15.**    On or about May of 2005, while Plaintiff was washing his clothes, he got out of his

6  wheelchair to put clothes in the rolling cart provided at the Laundromat. As Plaintiff pushed the

7  cart out of the entrance the cart fell forward due to cracked cement and a raised threshold

8  causing plaintiff to fall with the cart and sustain serious injury. **Section 1003.1.3 of the 2001**

9  **California Building Code Title 24, Part 2, Volume 1 states Width and Height**. "Every

10  required exit doorway serving an occupant load of 10 or more shall be of a size to permit the

11  installation of a door not less than three feet (914mm) in nominal width and not less than 6feet 8

12  inches (2-32mm) in nominal height. Where installed, exit doors shall be capable of opening

13  such that the clear width of the exit is not less than thirty-two inches (32inches) (813m)."

14  Section 4.13.6 of the Americans with disabilities Act Accessibility guidelines (ADAAG) specify

15  that the Minimum maneuvering clearances at doors that are not automatic or power assisted

16  shall be as shown in Fig. 25. The floor or ground area within the required clearances shall be

17  level and clear. **"The bottom 10 " of door (except automatic & sliding) is a smooth,**

18  **uninterrupted surface that allows door to open by wheelchair foot- rest, without creating a**

19  **trap or hazardous condition,. If a narrow door, a 10" smooth panel must be installed on**

20  **the push side." (CA T24 1133 B2.6) Section S.13.8 of the Americans With Disabilities Act**

21  **Accessibility Guidelines (ADAAG) states "Thresholds at Doorways: Thresholds at**

22  **doorways shall not exceed 3/4in (19mm) in height for exterior sliding doors or ½ in**

23  **(13mm) for other types of doors. Raised thresholds and floor level changes at accessible**

24  **doorways shall be beveled with slope no greater than 1:2. (CA T24 1133B.2.4.1)**

25  16.    The WASHETERIA LAUNDROMAT did not display signs at any door or anywhere on

26  the premises designating any accessible accommodations for use by physically disabled persons.

27  The WASHETERIA LAUNDROMAT installed no foot-rest or smooth 10" panel installed on

28  the push side of the entrance/exit door.

17.     On information and belief, to the date of filing of this Complaint, on or about December 26, 2006 there are still no accessible features at this WASHETERIA LAUNDROMAT in each of the respects complained of hereinabove.

18.     As the result of his negative experiences upon patronizing the WASHETERIA LAUNDROMAT described hereinabove, Plaintiff TRINIDAD MORALES suffered violations of his Civil Rights and of his statutory rights as a disabled person to full and equal access to public facilities and further suffered physical, mental and emotional pain, physical injury specifically fractured ribs with back and neck injury. He also suffered embarrassment, humiliation and emotional distress, all to his damages as hereinafter prayed.

19.     Plaintiff TRINIDAD MORALES is informed and believes and therefore alleges that Defendants and each of them caused the subject building and WASHETERIA LAUNDROMAT to be constructed, altered and maintained in such a manner that physically disabled persons were denied full and equal access to, within and throughout said building, and full and equal use of said public facilities. Further, on information and belief, Defendants and each of the facilities in such conditions up to the present time, despite actual and constructive notice to such.

20.     Defendants, and each of them, knew that the configuration of the building was in violation of the Civil Rights of handicapped persons, such as Plaintiff TRINIDAD MORALES . Such construction, modification, ownership, operation, maintenance and practices of such a public facility is in violation of law as stated in Americans With Disabilities Act of 1990.

21.     On information and belief, the subject WASHETERIA LAUNDROMAT denied full and equal access to disabled persons in other respects due to non-compliance with requirements of the Americans with Disabilities Act of 1990.

MORALES v. WASHETERIA LAUNDROMAT          8

22.     <u>General Damage</u> - As a result of the refusal by Defendants and each of them to comply with statutory requirements or otherwise provide reasonable access for disabled persons to the subject WASHETERIA LAUNDROMAT. TRINIDAD MORALES  was denied his rights to full and equal access to and use of public facilities and was discriminated against on the sole basis that he was physically disabled and used a wheelchair, and was unable to independently access the subject WASHETERIA LAUNDROMAT or use on a "full and equal" basis the other inaccessible facilities as specified hereinabove.  Denial of full and equal access to Plaintiff TRINIDAD MORALES  also embarrassed and humiliated Plaintiff, as well as caused in fact and proximately caused Plaintiff serious bodily injury. Defendants' acts have caused Plaintiff physical and psychological pain, discomfort, suffering, emotional distress and general and statutory damages. Plaintiff has also incurred costs for medical treatment, pain medication and physical therapy due to the injuries sustained.

23.     <u>Attorneys' Fees</u> - As a result of Defendants' acts and omissions as hereinabove described, Plaintiff has been required to incur legal costs and litigation expenses and hire an attorney in order to enforce Plaintiff's right and enforce provision of the law protecting access for the disabled and prohibiting discrimination against the disabled, and to take such action both in his own interest and in order to enforce an important right affecting the public interest. Plaintiff therefore seeks recovery in this lawsuit for all attorney's fees, litigation expenses and costs incurred, pursuant to the provisions of §1021.5 of the Code of Civil Procedure. Plaintiff additionally seeks attorney's fees pursuant to §§54.3 and 55 of the Civil Code.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF DISABLED PERSONS ACT**
**CIVIL CODE §§54, 54.1, 54.3 ET SEQ,**
**DENIAL OF EQUAL ACCESS TO PHYSICALLY DISABLED PERSONS**

1   24. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual

2   allegations contained in paragraphs 1 through 23 of this Complaint and incorporates them herein

3   as if separately replead.

4

5   25.     At all times relevant to this action, California Civil Code §54.1 has provided that

6   physically disabled persons are not to be discriminated against because of physical handicap or

7   disability. This section provides that:

8   ....physically disabled persons shall be entitled to full and equal access, as other members
9   of the general public, to accommodations, advantages, airplanes, motor vehicles,...or any other
    public conveyance or modes of transportation, telephone facilities, hotels, lodging places, places
10  of public accommodation and amusement or resort, and other places to which the general public
    is invited, subject only to state or federal regulations, and applicable alike to all other persons.
11

12  26.     California Civil Code §54.3 provides that any person or corporation who denies or

13  interferes with admittance to, or enjoyment of the public facilities as specified in §54 and §54.1

14  is liable of EACH such offense for the actual damages and any amount up to a maximum of

15  three times the amount of actual damages, but in no case less than $4,000.00 and such attorneys'

16  fees that may be determined by the Court in addition thereto, suffered by any person denied any

17  of the rights provided in §54 and §54.1, for services necessary to enforce those rights.

18

19  27.     Plaintiff is a person within the meaning of Civil Code §54 and §54.1 whose rights have

20  been infringed upon and violated by the Defendants as prescribed by §54.1. A separate act in

21  violation of §54.1 has been committed WHEN EVER Defendants knowingly and willfully fail

22  and refuse to provide full and equal access for physically disabled persons at the

23  WASHETERIA LAUNDROMAT. Plaintiff has been denied full and equal access on an

24  ongoing basis since filing the Complaint.

25

26  28.     Further, any violation of the Americans With Disabilities Act of 1990, (as plead in the

27  SECOND Cause of Action hereinbelow, the contents of which are replead and incorporated

28  herein, word for word, as if separately replead), also constitutes a violation of §§54 and 54.1 (d)

1 | California Civil Code, thus independently justifying an award of damages and injunctive relief
2 | pursuant to California law.

3

4 | 29.     Plaintiff has been damaged by Defendants' wrongful conduct and seeks the relief that is
5 | afforded by §§54.1, 54.3 and 55 of the Civil Code. Plaintiff seeks actual damages, treble
6 | damages,  preliminary and injunctive relief to enjoin and eliminate the discriminatory practices
7 | of Defendants disrespecting disabled persons, and for reasonable attorneys' fees, litigation
8 | expenses and costs.

9

10 | 30.     The act and omission of Defendants as complained of continue on a day-to-day basis to
11 | have the effect of allowing Defendants to willfully and wrongfully exclude Plaintiff and other
12 | members of the public who are physically disabled from full and equal access to the
13 | WASHETERIA LAUNDROMAT facilities. Such acts and omissions are the direct cause of
14 | humiliation and mental and emotional suffering to Plaintiff and that these actions treat Plaintiff
15 | as an inferior and second class citizen and serve to discriminate against him on the sole basis that
16 | he is physically disabled and unable to use and have access to public facilities of the Defendants
17 | on an equal basis to that available to other persons, so long as the facilities fail to provide proper
18 | and legally required access for disabled persons. Said acts have proximately caused and will
19 | continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

20

21 | 31.     WHEREFORE, Plaintiff asks this Court to enjoin any continuing refusal by Defendants to
22 | grant such access to Plaintiff and to enjoin operation of the WASHETERIA LAUNDROMAT as
23 | a public facility and public place of business until Defendants comply with all applicable
24 | statutory requirements related to access to the handicapped, and that the Court award statutory
25 | attorneys' fees, litigation expenses and costs pursuant to Civil Code §55 and Code of Civil
26 | Procedure §1021.5 and as further herein prayed for.

27

28 |          WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

## SECOND CAUSE OF ACTION:

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

#### 42 USC §12101FF

32.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in paragraphs 1 through 33 of this Complaint and incorporates them herein as if separately replead.

33.    Pursuant to law in 1990, the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities" and that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; that the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals; and that the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities of which our free society is justifiably famous."

34.    Congress stated as its purpose in passing the Americans with Disabilities (42 USC §12101 (B)):

(1)    It is the purpose of this act to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

35.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336, (hereafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by

1  Private Entities" (42 USC 12181ff). Among the Public accommodations identified for purposes
2  of this title were all businesses that offer any service to the public. (See (§301(7)(F)).
3
4  36.    Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the
5  basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,
6  advantages, or accommodations of any place of public accommodation by any person who owns,
7  leases, or leases to, or operates a place of public accommodation."
8
9  37.    Although the specific prohibitions against discrimination were included, in
10  §302(b)(2)(a)(iv), "a failure to remove architectural barriers, and communication barriers that are
11  structural in nature, in existing facilities… where such removal is readily achievable;" and (v)
12  "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily
13  achievable, a failure to make such goods, services, facilities, privileges, advantages, or
14  accommodations available through alternative methods if such methods are "readily achievable."
15  The acts of Defendants set forth herein are a violation of Plaintiff's rights under the "ADA,"
16  Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff. The
17  standards of the ADA are also incorporated into §§54.3 and 55 of the Civil Code.
18
19  38.    The removal of each of the barriers complained of by Plaintiff TRINIDAD MORALES  as
20  hereinabove alleged was at all time after January 26, 1992 "readily achievable."  As noted
21  hereinabove, removal of each of the architectural barriers complained of were already required
22  under existing California law. Further, at all times since January 26, 1992, modification of or
23  removal of each of the above described individual barriers was "readily achievable" under the
24  factors specified in §301(9) of the Americans with Disabilities Act and regulations adopted
25  pursuant to that section.  On information and belief, Defendants failed to "address" any of these
26  problems, even after TRINIDAD MORALES 'S difficulties in obtaining access were made clear
27  to Defendants and their agents.
28

39.    Per §301(9), 42 USC 12181, the term "readily achievable" means "easily accomplished and able to be carried out without much difficulty or expense." Plaintiff alleges that each of the items that Plaintiff has complained about hereinabove was and is "readily achievable" by the Defendants under the standards set forth under §301(9) of the Americans with Disabilities Act at all times since January 26, 1992. Further, if it was not "readily achievable" for Defendants to remove each of such barriers, Defendants have failed to make the required services available through alternative methods, which were readily achievable.

40.    Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. Further, each violation of the ADA which Plaintiff alleges is occurring on a daily, continuing and ongoing basis, also constitutes a violation of §§54(c) and §54.1(d) California Civil Code, further entitling Plaintiff to the rights and remedies of §54.3 Civil Code, including damages and attorneys' fees and costs, and injunctive relief per §55 Civil Code.

41.    Per §308 (a) (1) (42 USC 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actually noticed that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, Plaintiff, on information and belief, alleges that Defendants have continued to violate the law and deny the rights of Plaintiff and of other disabled persons to access this public accommodation. Pursuant to §308 (b)(2)(A)(iv) ... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title." Plaintiff seeks such injunctive relief.

MORALES v. WASHETERIA LAUNDROMAT          14

42.   Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000 (a) –3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.

WHEREFORE, Plaintiff prays that this Court grant relief and damages as follows

### THIRD CAUSE OF ACTION

### (UNFAIR BUSINESS PRACTICE-INJUNCTIVE RELIEF ONLY;

### Cal. Bus. & Prof. Code Section 17200, et seq.)

43.   Plaintiff incorporates by reference herein the allegations in paragraphs 1-42, inclusive.

44.   Defendant's conduct, as alleged, is part of a general business practice by Defendants. Defendant has made a considered decision to promote profit at the expense of Defendant's legal obligations to patrons with disabilities.

45.   Defendant's policies and practices constitute an unfair business practice within the meaning of California Business and Professions Code Sections 17200, et. seq., in that inter alia, Defendants appeals to, advertisers to, and purports to serve persons with disabilities, yet Defendant's facility is inaccessible and illegal, in violation of public policy.

46.   Plaintiff is entitled to an injunction restraining Defendants from engaging in any or omission, the effect of which is to cause, directly or indirectly, discrimination by Defendants against person with disabilities.

47.   Plaintiff is also entitled to attorneys' fees and costs.

WHEREFORE, Plaintiff requests relief as set forth below.

### PRAYER FOR RELIEF

### FIRST CAUSE OF ACTION – STATUTORY VIOLATIONS

1.   General and compensatory damages according to proof;

MORALES v. WASHETERIA LAUNDROMAT          15

2.     Special and consequential damages according to proof;

3.     For attorneys' fees, litigation expenses and costs pursuant to §1021.5 of the Code of Civil Procedure, §19953 Health & Safety Code;

4.     For all costs of suit;

5.     For pre-judgment interest pursuant to §3291 of the Civil Code;

6.     That Defendants be preliminarily and permanently enjoined from operating and maintaining the WASHETERIA LAUNDROMAT in violation of the Americans with Disabilities Act of 1990 or other regulations as are currently required by law;

7.     Such other and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION

## FULL AND EQUAL ACCESS PER §§54 AND 54.1 CIVIL CODE

1.     General and compensatory damages according to proof;

2.     All damages as afforded by Civil Code §54.3 for each day on which Defendants have denied to Plaintiff equal access for the disabled;

3.     Attorneys' fees, litigation expenses and costs pursuant to §54.3 and §55 of the Civil Code, and §1021.5 Code of Civil Procedure;

4.     For all costs of suit;

5.     Pre-judgment interest pursuant to §3291 of the Civil Code;

6.     That Defendants be enjoined from operating the WASHETERIA LAUNDROMAT as a public accommodation and facility open to the public, so long as disabled persons are not provided full and equal access to the accommodations and facilities, as provided by §51, 54, 54.1, 55 et seq., of the Civil Code;

7.     Such other and further relief as the Court may deem just and proper.

Dated:  January 23, 2006

KIM MALLORY
LAW OFFICES OF KIM MALLORY
Attorney for Plaintiff
TRINIDAD MORALES

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: January 23, 2006

KIM F. MALLORY
LAW OFFICES OF KIM F. MALLORY
Attorney for Plaintiff
TRINIDAD MORALES

MORALES v. WASHETERIA LAUNDROMAT        17